UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Chezkel Weiss,<br><br>individually and on behalf of all others similarly situated,<br>Plaintiff(s)<br><br>-v.-<br><br>Jefferson Capital Systems, LLC,<br><br>Defendant(s). | Case No: 7:23-cv-988<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Chezkel Weiss ("Plaintiff"), brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against the Defendant Jefferson Capital Systems, LLC ("Jefferson" or "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). The Act was promulgated because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices

are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as the acts and transactions occurred here, Plaintiff resides here, and the Defendant transacts business here.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the FDCPA, and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of New York, County of Rockland.

8.      Defendant Jefferson is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and is registered to accept service of process care of Corporation Service Company, 80 State Street, Albany, New York 12207.

9.      Upon information and belief, Defendant Jefferson is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due to itself or another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of all individuals:

    a. with addresses in the State of New York;

    b. to whom the Defendant Jefferson sent collection letter(s);

    c. attempting to collect a consumer debt;

    d. wherein the letter(s) set forth, affirmatively or by implication, conflicting information concerning whether the debt is time-barred from legal enforcement;

    e. which letter(s) was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibits A and B, violate 15 U.S.C. §§ 1692e and 1692f.

15. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class

defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms **attached as Exhibits A and B**, violate 15 U.S.C. §§ 1692e and 1692f.

c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor his counsel, have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats the above allegations as if set forth here.

20. Some time prior to November 15, 2022, Plaintiff allegedly incurred an obligation to non-party Capital One Bank NA ("Capital One").

21. This alleged debt was incurred as a financial obligation that was primarily for personal, family, or household purposes, specifically for personal credit, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a (5).

22. Capital One is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

23. According to the letters received by the Plaintiff, through one or more transactions Jefferson acquired the defaulted debt for the purpose of collection.

24. Defendant Jefferson collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of itself or other creditors using the United States Postal Services, telephone and internet.

*Violations – Collection Letters*

25. On or about November 15, 2022, Defendant Jefferson sent the Plaintiff a collection letter (the "First Letter"), a copy of which is attached as Exhibit A.

26. The First Letter sets forth that the "Amount of the Debt: $7,053.84."

27. The First Letter also sets forth that "[y]our creditor or debt collector believes that the legal time limit (statute of limitations) for suing you to collect this debt may have expired."

28. Less than one (1) month later, on December 9, 2022, Defendant Jefferson sent an additional collection letter (the "Second Letter") (First Letter and Second Letter, collectively "Letters") to the Plaintiff in an attempt to collect the subject debt.

29. The Second Letter sets forth that the "Amount of the Debt: $7,053.84."

30. However, the Second Letter makes no mention of a potential bar to enforcing the debt.

31. Thus, the Second Letter sets forth, by implication or otherwise, that the debt is *not* time-barred by the applicable statute of limitations.

32. Accordingly, the Letters contain contradictory messages concerning whether the statute of limitations has expired on the debt.

33. Upon information and belief, the passage of less than one month between the Letters had no impact on whether the statute of limitations expired on the debt.

34. For the foregoing reasons, the Letters are open to more than one reasonable interpretation concerning the statute of limitations, at least one of which is untrue.

35. By providing conflicting information concerning the status of the statute of limitations, the Letters are false, deceptive and misleading.

36. Plaintiff was misled as to whether he could be sued over the debt or not.

37. Plaintiff was unable to properly evaluate the demand for payment or how to address it.

38. Defendant's actions were false, deceptive, unfair, and/or misleading.

39. Plaintiff was concerned by the Letters.

40. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

41. Plaintiff cannot pay the alleged debt, trusting the Defendant's Second Letter, when it appears that the information stated in the Defendant's First Letter is contradictory.

42. Defendant's deceptive Letters are material violations because the Plaintiff is more likely to pay a debt that is legally enforceable than to pay a debt that is not.

43. Because of the Defendant's actions, the funds the Plaintiff could have used to pay all or part of the alleged debt were prioritized elsewhere.

44. Because of this, Plaintiff expended time and money in determining the proper course of action.

45. In reliance on the Letters, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

46. In reliance on the Letters, Plaintiff expended time and money in an effort to mitigate the risk of future reputational and financial harm in the form of negative credit informational furnishment to the credit bureaus, and ultimately to third parties.

47. Plaintiff's failure to pay the debt arose from the collection Letters because the Plaintiff believes they were an attempt to collect an expired debt.

48. Plaintiff's reliance on the Letters, and the resulting inaction/non-payment, was detrimental to the Plaintiff because of the lost opportunity to settle the alleged debt at a discount.

49. In addition, Plaintiff suffered emotional and physical harm because of the Defendant's improper acts, including, but not limited to, anxiety and increased heartrate.

50. Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

51. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

52. As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, conversion and defamation.

53. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

54. Plaintiff is entitled to receive proper notice of the character, legal status and amount of the debt, as required by the FDCPA.

55. Defendant failed to effectively inform the Plaintiff of this information, and in fact, attempted to conceal it in violation of the law.

56. These violations by the Defendant were knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid any such violations.

57. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA

provides the Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

58. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

59. Defendant's actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, Defendant's debt collection.

60. Plaintiff was misled to his detriment by the statements in the Letters, and relied on the contents of the Letters to his detriment.

61. As a result of the Defendant's deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

62. Plaintiff repeats the above allegations as if set forth here.

63. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

64. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

65. Defendant violated said section by:

   a. falsely representing the character, amount or legal status of the debt in violation of §1692e (2); and

   b. using a false representation or deceptive means to collect or attempt to collect a debt in violation of § 1692e (10).

66. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e et seq. of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f** *et seq.*

67. Plaintiff repeats the above allegations as if set forth here.

68. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

69. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

70. Defendant violated this section by unfairly collecting the alleged debt, as described above, in violation of § 1692f.

71. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692f et seq. of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

**DEMAND FOR TRIAL BY JURY**

72. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Chezkel Weiss, individually and on behalf of all others similarly situated, demands judgment from the Defendant Jefferson as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Robert T. Yusko, Esq., as Class Counsel;

    b)    Awarding the Plaintiff and the Class statutory damages;

    c)    Awarding the Plaintiff and the Class actual damages;

    d)    Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    e)    Awarding pre-judgment interest and post-judgment interest; and

    f)    Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: February 6, 2023

Respectfully submitted,

Stein Saks, PLLC

By: /s/ Robert T. Yusko
Robert T. Yusko, Esq.
ryusko@stiensakslegal.com
One University Plaza, Ste 620
Hackensack, NJ, 07601
P. (201) 282-6500
F. (201) 282-6501

*Attorneys for the Plaintiff*